GALLINGER *v.* VALE, Adm'r.

When the decision on the facts rests in the same mind which pronounces
  the judgment of the law upon the facts, the final judgment of the law
  is all that need be expressed in the record of the court, unless the
  court is requested, under section 1793 of the Code, to state the facts
  found and the conclusions thereon, in writing.
A judgment entry as follows : " On this day came the plaintiff, by H. H.
  Runnels, his attorney, and the defendant, by F. Semple, his attorney,
  and submitted this cause to the court ; and the court being fully satis-
  fied in the premises, it is ordered and adjudged that the judgment of
  the court below be reversed, and the plaintiff pay the costs herein.  It
  is therefore ordered and adjudged that· the defendant, John Vale, Ex-
  ecutor, &c., have and recover of the plaintiff and his surety, &c., the
  costs of this suit, taxed at $———," is sufficiently regular and cer-
  tain upon its face.

*Appeal from the Lee District Court.*

TUESDAY, JUNE 22.

The plaintiff filed in the county court a claim ° against
the deceased, Tomlinson, amounting to $596, for personal
property sold him in his life time, of which a bill of par-
ticulars is filed.  The county judge found due the plaintiff
the sum of $440, with costs, at the May session, 1857.

The administrator appealed to the district court. In the district court there was an agreement signed by the counsel on both sides, that they "agree to submit the above cause to the Hon. Judge Claggett, after argument by counsel, on the following state of facts." Then follows a statement of facts—a receipt offered by one of the parties—and two agreements relative to taking the depositions of certain witnesses, which depositions are included in the transcript, and which agreements are dated June 8, 1857. Then comes the following judgment: " On this day came the plaintiff, by H. H. Runnels, his attorney, and the defendant, by F. Semple, his attorney, and submitted this cause to the court; and the court being fully satisfied in the premises, it is ordered and adjudged that the judgment of the court below be reversed, and the plaintiff pay the costs herein. It is therefore ordered and adjudged that the defendant, John Vale, executor, &c., have and recover of the plaintiff and his surety, &c., the costs of this suit," &c. The plaintiff appeals, and assigns for error the following :

1. The court erred in reversing the judgment of the county court ; 2. That the district court had no authority to reverse the said judgment upon an appeal ; 3. That the court erred in rendering judgment against the plaintiff, without having found against him on the issue joined.

*J. M. Beck*, for the appellant.

*F. Semple*, for the appellee.

Woodward, J.—The plaintiff claims that this record shows that the court did not try the cause anew on its merits, as should be done on an appeal, but that they decided it upon some matter of law, and that this was error. There is no bill of exceptions, nor other paper, nor any entry of record, showing a request for a trial, and a refusal by the court; nor is there anything explaining the proceedings farther than above set forth. But the plaintiff

Gallinger v. Vale, Adm'r.

urges that "the record shows error, in not stating that the issue was tried, and that upon that issue a finding was had for the defendant;" and that the term "reversed" has a technical signification, applied to the hearing on the law only.

It appears to us that this record and entry is sufficiently certain and regular, until something more definite is shown against it. It contains and expresses the legal conclusion and result, after a hearing. The court tried the cause in the place of a jury. They were not requested to express their finding on the facts, in writing, under section 1793 of the Code. We are not prepared to say, that it is essential that the record should, in such case, express that the finding is in favor of the defendant. When the jury renders a verdict, that fact appears necessarily, from the fact that the jury is a separate body. But in the present instance, the record entry is just what it would be after the rendition of the verdict of the jury—it is the judgment of the law upon the facts; and when the decision on the facts, rests in the same mind which pronounces the judgment of the law upon the facts, the final judgment of the law is all that need be expressed, unless a request be made under section 1793 of the Code.

We cannot say that there is anything in this record, which would warrant the court in saying, that the cause was not heard on its merits. If the party claimed a trial, and it was refused, a bill of exceptions was the proper method of showing this. It is true, that this judgment is not entered up in the usual and better form, and it is possible that it may amount only to a judgment of non-suit, but this forms no question before us. It is a sufficient final judgment in the cause.

Judgment affirmed.